81 So.2d 923

Johnnie H. RAGER

v.

STATE.

8 Div. 638.

Court of Appeals of Alabama.
Aug. 9, 1955.

226.

D. U. Patton, Athens, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BONE, Judge.

Appellant was indicted for assault with intent to murder. He pleaded guilty to "assault and battery, having in his possession a weapon, to-wit: a shoe as charged in the indictment." He was found guilty by the court of "assault and battery having in his possession a weapon, to-wit: a shoe,"

and was sentenced to twelve months in the penitentiary. From this judgment he appeals.

Appellant's insistence for error which we will here consider is that the sentence is excessive. This insistence is based on the fact, as he contends, that he was convicted of the offense described by Section 33, Title 14, Code of 1940. If this contention be correct, the sentence is excessive.

So that the question here to be decided may appear more clearly we shall here set out the contents of Section 33, supra:

"Any person who commits an assault, or an assault and battery, on another, shall, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."

Against appellant's contention, the State insists that the offense for which appellant was convicted and sentenced is defined by Section 34, Title 14, Code of 1940. If the contention of the State is correct, then the sentence here imposed is not excessive. Section 34, supra, reads in words and figures as follows:

"Any person who assaults and beats another with a cowhide, stick, or whip, having in his possession at the time a pistol, or other deadly weapon, with intent to intimidate and prevent the person assaulted from defending himself, shall, on conviction, at the discretion of the jury, be fined not more than two thousand dollars, or be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than twelve months."

Having considered thoroughly the words used in the plea of guilty and in the judgment of the court, we are convinced that the offense for which appellant was sentenced is clearly not within the provisions of Section 34, supra. The offense does, however, fall within the class of assault and battery defined by Section 33, supra.

The wording of the statute, Section 34, supra, is clear, distinct, and free from all

227

ambiguity, and we do not feel that it is necessary here to point out all of the distinctions between the offense for which appellant was sentenced and the offense described in Section 34. They are clear and apparent.

It should be noted also that the sentence was for imprisonment in the penitentiary, when it should have been for imprisonment in the county jail or hard labor for the county.

This appellant having been found guilty of assault and battery under Section 33, supra, and not Section 34, supra, as the State contends, his sentence is therefore excessive. This being true, we are of the opinion that this case should be, and the same is hereby, affirmed but remanded for proper sentence in accordance with this opinion.

Affirmed. Remanded for proper sentence.